GRIER et al. v. HAZARD, HAZARD & CO.

(City Court of New York, General Term.  March 10, 1891.)

1. TRIAL—DIRECTING VERDICT.
   Where at the conclusion of the trial defendant's attorney states that he does not see any question of fact in the case, the court is entitled to act on such admission, and to direct a verdict.

2. CORPORATION—CONTRACTS OF INCORPORATORS.
   A corporation, in contemplation of formation at the time work was ordered by one of its incorporators, and which went to its benefit, is liable therefor.

Appeal from special term.

Matthew C. Grier and Ella D. George, executors, sued Hazard, Hazard & Co. From judgment for plaintiffs defendant appeals.

Argued before EHRLICH, C. J., and VAN WYCK, J.

*Gruber, Bard & Landon,* for appellant. *Burnett & Whitney,* for respondents.

EHRLICH, C. J. At the conclusion of the trial the defendant's attorney said he did not see any question of fact in the case, which statement is tantamount to an admission on which the court was at liberty to act. The court is not bound to discover a point or objection in the case when counsel frankly concede that none exist. The court properly acted on the concession, and directed a verdict. No objection was raised by demurrer, or in the answer, as to the capacity of the executors to sue on the contract alleged, and that objection has therefore been waived. Code, § 499. The work was evidently done in contemplation of the corporate formation, and it went to its benefit. Mr. Hazard, who ordered the work, seems to think he should not pay for it because the corporation got the benefit of it, and the corporation thinks it ought not to pay for the work because Hazard ordered it. This may sound well to all concerned except the plaintiffs, who are entitled to their earnings. Upon the entire case it is apparent that no injustice has been done, and that the judgment should be affirmed, with costs.